UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE JAMES MADISON PROJECT *et al.*,

    *Plaintiffs*,

    v.

DEPARTMENT OF JUSTICE *et al.*,

    *Defendants*.

Civil Action No. 16-514 (TJK)

## ORDER

This matter comes before the Court on the [21] Motion for Partial Summary Judgment filed by the Department of Defense ("DOD") and Department of Justice ("DOJ") (collectively, the "Moving Defendants") regarding Freedom of Information Act ("FOIA") searches conducted by three of their components: DOD's Office of the Secretary of Defense ("OSD") and Department of the Army (the "Army"), and DOJ's Executive Office of U.S. Attorneys ("EOUSA"). After consideration of the record in the case, and for the reasons stated below, the Motion is **GRANTED IN PART** and **DENIED IN PART**, without prejudice.

As an initial matter, Plaintiffs concede that summary judgment is appropriate as to the search and production of records by the OSD, and as to the redactions and withholdings at issue in connection with the searches conducted by the Army and EOUSA. ECF No. 23 at 1 n.1. After a review of the entire record, the Court agrees, and will grant summary judgment in favor of DOD and DOJ on those issues.

The only remaining issues, then, are the adequacy of the searches conducted by the Army and EOUSA, which Plaintiffs assert do not warrant summary judgment. The Court agrees with

Plaintiffs on the entire record before the Court, as explained below, and therefore denies DOD's and DOJ's motion for summary judgment on those issues.

"To prevail on summary judgment [in a FOIA case], an 'agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested,' which it can do by submitting '[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched.'" *Reporters Comm. for Freedom of Press v. FBI*, 877 F.3d 399, 402 (D.C. Cir. 2017) (second alteration in original) (quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)). "The Court cannot fill in . . . gaps for the agency under the auspices of good-faith deference." *Nat'l Sec. Counselors v. CIA*, 960 F. Supp. 2d 101, 154 (D.D.C. 2013).

Here, the Court finds that there is a genuine issue of material fact as to the adequacy of the searches conducted by (1) the Army, and more specifically, its (a) Office of General Counsel ("OGC"), (b) Office of the Deputy Chief of Staff, G-2 ("ODCS, G-2"), and (c) Office of the Judge Advocate General ("OJAG"), as well as (2) EOUSA.

**OGC.**  An affidavit from an OGC representative states that the only OCG attorney likely to have responsive records conducted a search of his physical and electronic records, including emails.  *See* ECF No. 21-5 at 32.  According to a supplemental affidavit, "[g]iven this OGC attorney's involvement in these matters and resulting personal knowledge about them, he knew what OGC physical and electronic files potentially contained responsive information, making search terms unnecessary."  ECF No. 26-1 at 2.  But these affidavits simply do not explain *precisely how* the attorney knew, for instance, which documents (especially emails) contained potentially responsive information without using search terms.  It may be, for example, that the

attorney saved all of his emails about the General Petraeus matter in a particular folder and examined all of those emails in that folder for responsiveness. But the affidavit does not specifically say so, and thus fails to establish that OGC's search was adequate.[1]

**ODCS, G-2.** Submissions from ODCS, G-2 contain even less detail about the searches conducted. Concluding that "none of the [ODCS, G-2] directorates located responsive records," a supplemental memorandum simply relies on the renown of General Petraeus for the proposition that employees there would have known if they had responsive records. ECF No. 26-3 at 3. In short, this memorandum does not describe a search process at all.

**OJAG.** The submissions related to OJAG's search do not sufficiently describe the search process there, either. Again, this is because the search terms used to conduct electronic searches of the email involving the deputy division chief and the division chief are not described. *See* ECF No. 26-2 at 3.

**EOUSA.** Finally, and for similar reasons, the Court finds the representations regarding EOUSA's search to be insufficient as well. In particular, the relevant affidavit states that the attorney who worked on General Petraeus's case "used her personal knowledge of the case and her work on it to determine which files . . . (both paper and electronic, including emails) potentially contained responsive information." ECF No. 26-4 at 3-4. Each of these files and emails were then individually examined by her assistant for responsiveness. *Id.* at 4. Again, the

---

[1] The cases DOD cites (ECF No. 26 at 11) purportedly justifying OGC's approach are easily distinguishable from the FOIA requests at issue here because they involve requests for a specific piece of media (photos or videos taken during the Bin Laden raid, *Judicial Watch, Inc. v. DOD*, 857 F. Supp. 2d 44, 48 (D.D.C. 2012), *aff'd*, 715 F.3d 937 (D.C. Cir. 2013), and an "actual list" of erroneous renditions, *Amnesty Int'l USA v. CIA*, 728 F. Supp. 2d 479, 499 (S.D.N.Y. 2010)) or almost 40-year-old hard copy files where the agency had "no way to determine whether these records may still exist in another location short of a search of all FBI files," *Blanton v. DOJ*, 182 F. Supp. 2d 81, 83-85 (D.D.C. 2002).

affidavit does not explain how the attorney, even with personal knowledge of the matter, identified the documents (especially emails) that were then subject to this subsequent individualized review without using search terms.  And again, it may be as simple as the attorney saved all the emails regarding the case in a specific folder.  Or perhaps the attorney made a point to print out all relevant emails regarding the case, and those hard copies were reviewed.  But the affidavit does not explain the attorney's search methodology sufficiently for the Court to conclude that summary judgment is warranted.

      For the reasons described above, the [21] Motion is **GRANTED IN PART** and **DENIED IN PART**, without prejudice.  The Moving Defendants shall be permitted leave to file a renewed motion for summary judgment explaining that the Army and EOUSA conducted adequate searches—whether by conducting additional searches or providing additional information about the searches they have already completed.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: March 15, 2018